IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODNEY WELLS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | No. 06-2503 |
| **JAMES T. WYDNER** | : | |
| | : | |
| | : | |

### O R D E R  &  M E M O R A N D U M

### O R D E R

      **AND NOW**, this 12th day of July, 2006, upon consideration of petitioner's <u>pro se</u> Petition/Motion Pursuant to Federal Rules of Civil Procedure Under Subsection 60(b)(3) Fraud, Misrepresentation, and Misconduct of an Adverse Party (Document No. 1, filed June 9, 2006), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that the Petition/Motion Pursuant to Federal Rules of Civil Procedure Under Subsection 60(b)(3) Fraud, Misrepresentation, and Misconduct of an Adverse Party (Document No. 1, filed June 9, 2006) is **DISMISSED WITHOUT PREJUDICE**.

      **IT IS FURTHER ORDERED** that a certificate of appealability will not issue on the ground that the petitioner has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c).

### M E M O R A N D U M

**I.**    **INTRODUCTION**

      On April 26, 1985, a jury sitting in the Court of Common Pleas for Philadelphia County convicted petitioner, Rodney Wells, of robbery, burglary, criminal conspiracy, and possession of an instrument of crime. He is currently a state prisoner currently serving an aggregate term of

imprisonment of twenty-five to fifty years, to be followed by a term of fifteen years probation. On August 27, 2004, Wells filed a pro se federal habeas petition, which this Court denied as untimely by Order dated September 1, 2005. Wells v. Palakovitch, Civ. No. 04-4072, 2005 U.S. Dist. Lexis 19068 (E.D. Pa. Sept. 1, 2005).

Presently before the Court is Wells's pro se Petition/Motion Pursuant to Federal Rules of Civil Procedure Under Subsection 60(b)(3) Fraud, Misrepresentation, and Misconduct of an Adverse Party ("Rule 60(b) Motion"). For the reasons set forth in this Memorandum, the Court dismisses this motion without prejudice.

**II.    BACKGROUND**

In this Memorandum, the Court relies on the detailed factual and procedural history set forth in U.S. Magistrate Judge Thomas Rueter's Report and Recommendation dated June 29, 2005 in Wells v. Palakovitch. See Report and Recommendation 1-2. The Court adopted that Report and Recommendation by Order dated September 1, 2005. Wells v. Palakovitch, Civ. No. 04-4072, 2005 U.S. Dist. Lexis 19068 (E.D. Pa. Sept. 1, 2005). For purposes of analyzing the pending motion, the Court notes that the key fact is that the Court denied Wells's pro se federal habeas petition by Order dated September 1, 2005. Id.

**III.   DISCUSSION**

**A.     Summary of Pro Se Rule 60(b) Motion**

In the Rule 60(b) Motion, Wells alleges that assistant district attorney Roger E. King (the prosecutor in his case), and Officer Lawrence Gerrard (an investigator in his case) committed fraud, misconduct, and misrepresentations before the court which denied Wells his constitutional rights. To prove this claim, Wells seeks discovery of "immunities petitions, certain

rights/instruction, favors, promises, notes of grand jury that led to presentment, sealed corrupt organization presentment along with affidavits signed by Lawrence Gerrard Badge # 9129 regarding this charge." Mot. at 3. Wells argues that the discovery will demonstrate that his sentence is invalid, and that he is entitled to damages under 42 U.S.C. § 1983.

**B.    Legal Standard Applicable To Rule 60(b) Motions**

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. See Fed. R. Civ. P. Rule 60(b).[1] The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Secretary of Health, Education and Welfare, 572 F.2d 976, 977 (3d Cir. 1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" United States v. Hernandez, 158 F. Supp. 2d 388, 392 (D. Del. 2001) (quoting Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981)).

**C.    Application of the AEDPA Limitation on Second or Successive Habeas Petitions to Rule 60(b) Motions**

Before reaching the merits of petitioner's 60(b) motion, the Court must determine

---

[1] Rule 60(b) provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

whether the motion is, in essence, second or successive 28 U.S.C. § 2254 habeas motion. Such a determination is necessary because the Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits a petitioner's ability to bring a second or successive habeas motion. Before filing a second or successive § 2254 habeas motion, a petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. See 28 U.S.C. § 2244(b)(3)(A).[2]

The Supreme Court and the Court of Appeals for the Third Circuit have ruled that a Rule 60(b) motion should be construed as a second or successive habeas petition where the 60(b) motion challenges the underlying state conviction. See Gonzalez v. Crosby, 125 S.Ct. 2641 (June 23, 2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).

The Court concludes that, under Gonzalez and Pridgen, Wells's Rule 60(b) Motion must be construed as a second or successive habeas corpus motion because Wells alleges it is based on constitutional violations related to his trial. Wells has not obtained an order from the Court of Appeals for the Third Circuit authorizing this Court to consider his Rule 60(b) motion as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court dismisses that motion without prejudice as an unauthorized habeas petition.

**D.     Certificate of Appealability**

In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a

---

[2]Section 2244(b)(3)(A) of the AEDPA provides in pertinent part: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999); see also 28 U.S.C. § 2253(c). The Court concludes that Wells has not made such a showing with respect to the claims raised in the Rule 60(b) Motion. Therefore, the Court will not issue a certificate of appealability.

IV.     **CONCLUSION**

For the foregoing reasons, the Court dismisses without prejudice Wells's pro se Petition/Motion Pursuant to Federal Rules of Civil Procedure Under Subsection 60(b)(3) Fraud, Misrepresentation, and Misconduct of an Adverse Party. The Court further declines to issue a a certificate of appealability on the ground that Wells has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c).

BY THE COURT:

/s/ **Honorable Jan E. DuBois**
**JAN E. DuBOIS, J.**